IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAWN HAMLETT,
a/k/a Nino Francios,
FDOC Inmate Number C01227,
    Plaintiff,

vs.                        Case No.: 3:16cv377/RV/EMT

M. NICHOLS, et al.,
    Defendants.
_____/

### ORDER and REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). The court granted Plaintiff's motion to proceed in forma pauperis ("IFP") (ECF No. 4).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by Plaintiff, as well as Plaintiff's litigation history (some of which he failed to disclosed in his complaint), it is the opinion of the undersigned that this case should be dismissed, pursuant to 28 U.S.C. § 1915(g), and that the order granting IFP should be vacated.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

Case No.: 3:16cv377/RV/EMT

Page 3 of 9

The court takes judicial notice of three federal civil actions previously filed by Plaintiff, while he was incarcerated, which were dismissed for failure to state a claim upon which relief may be granted. *See* Nino Francois, a/k/a S. Hamlett v. Warden Sylvester, No. 1:97cv9191-TPG, Order of Dismissal (S.D.N.Y. Dec. 15, 1997) (dismissing civil rights complaint for failure to state a claim, pursuant to § 1915(d));[1] Shawn Hamlett a/k/a Nino Francois v. Parole Chairman Brion Travis, No. 1:98cv7101-TPG, Order of Dismissal (S.D.N.Y. Oct. 8, 1998) (dismissing civil rights complaint pursuant to § 1915(e)); and Shawn Hamlett v. Bernie McCabe, No. 8:08cv506-SCB-TBM, Order (M.D. Fla. Mar. 21, 2008) (dismissing civil rights complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994)).[2]  Accordingly, Plaintiff may not litigate this case in forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, 387 F.3d at 1344.

---

[1] Section 1915(d) was the former version of Section 1915(e).

[2] Plaintiff admits he is also known as Nino Francios, and that he previously filed cases in the Southern District of New York (*see* ECF No. 1 at 5). Therefore, the court is satisfied that Plaintiff filed Case Nos. 1:97cv9191-TPG and 1:98cv7101-TPG in that court. Additionally, the inmate number of the plaintiff in Case No. 8:08cv506-SCB-TBM, filed in the Middle District of Florida, is the same as Plaintiff's inmate number in this case, FDOC Inmate Number C01227. The court notes that Plaintiff did not disclose Case No. 8:08cv506-SCB-TBM in the section of the complaint form which requires him to disclose his litigation history (*see* ECF No. 1 at 3–5).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding

that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In this case, Plaintiff, who is currently housed at Hamilton Correctional Institution, sues members of the medical staff at two correctional institutions where he was previously housed, Dr. Alvarez at Apalachee Correctional Institution, and ARNP Nichols and RN Rosati at Santa Rosa Correctional Institution (ECF No. 1 at 1–2). Plaintiff claims that on August 20, 2014, when he was housed at Apalachee C.I., he suffered a fractured fifth/pinky finger (*id.* at 6). He alleges Dr. Alvarez refused to prescribe a lower bunk pass, which caused him to injure himself while trying to climb onto a top bunk on September 17, 2014, October 21, 2014, and December 1, 2014 (*id.*). Plaintiff alleges Dr. Alvarez also refused to provide pain medication except ibuprofen, even though Alvarez knew that Plaintiff could not

medically tolerate nonsteroidal anti-inflammatory drugs such as ibuprofen (*id.* at 6–7). Plaintiff alleges he suffered pain throughout the months of September and October of 2014, as a result of Dr. Alvarez's refusal to provide alternative pain medication (*id.* at 7). Plaintiff alleges Dr. Alvarez also refused to refer him to an orthopedic specialist for treatment of his broken pinky finger, which resulted in permanent deformity and loss of mobility in the finger, and constant, extreme pain (*id.* at 8). Additionally, Plaintiff alleges that Dr. Alvarez refused to prescribe a "low residue diet" to treat Plaintiff's cholecystitis (inflammation of the gall bladder), which caused Plaintiff to suffer gallstones, pain, tenderness, vomiting, and migraine headaches from September of 2014 to January of 2016 (*id.* at 7).

Plaintiff allege he was transferred from Apalachee C.I. to Santa Rosa C.I. in October of 2014 (ECF No. 1 at 8). He alleges he was seen by Defendant ARNP Nichols in November of 2014, but ARNP Nichols refused to provide pain medication or a referral to an orthopedic specialist for Plaintiff's fractured pinky finger, and ARNP Nichols refused to prescribe a low residue diet (*id.* at 8–9). Plaintiff alleges that as a result of Nichols' conduct, he suffered pain, permanent deformity of his pinky finger, "lack of mobility" and "loss of general use" in his left hand, weight loss, vomiting, and headaches until January of 2016 (*id.* at 8–10).

With regard to Defendant Nurse Rosati, Plaintiff alleges he was seen by Nurse Rosati at Santa Rosa C.I. in March and April of 2015 (ECF No. 1 at 10–11). Plaintiff alleges he requested that Nurse Rosati change his medication for high blood pressure from Losartan, because he was experiencing fainting, dizziness, and headaches (*id.*). Plaintiff alleges Nurse Rosati refused to change the medication, and as a result, he injured himself from April to June of 2015 (*id.*).

Plaintiff brings Eighth Amendment claims against Defendants (ECF No. 1 at 11–15). As relief, he seeks compensatory and punitive damages in the amount of $1,300,000.00 (*id.* at 15).

Plaintiff's allegations do not suggest that at the time he filed the complaint in this case, on July 20, 2016, he was under imminent danger of serious physical injury. When Plaintiff filed his complaint, he was not housed at either of the correctional institutions where Defendants are members of the medical staff (as previously discussed, Plaintiff is housed at Hamilton C.I.) (*see* ECF No. 1 at 2, 16). Further, Plaintiff does not name any member of the Hamilton C.I. medical staff as a Defendant, nor does he allege he has been denied adequate medical treatment at his current institution. Therefore, his allegations fail to show that he qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

1. The court's order of July 29, 2016, granting Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is **VACATED**.

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **DENIED**.

3. The clerk of court shall mail a copy of this Order and Report and Recommendation to: Department of Corrections, 501 South Calhoun St., Tallahassee, FL 32399-2500, Attention: Agency Clerk. The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 3:16cv377/RV/EMT. The clerk of court shall retain Plaintiff's initial partial filing fee payment of $7.70 as a sanction for Plaintiff's failure to disclose one of his "strikes," but Plaintiff will no longer be responsible for future payments in this case.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 30th day of August 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.